UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | No. 6:21-CR-40-REW-HAI |
| v. | ) ) | ORDER |
| TIMOTHY M. KELLEY, | ) ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 40 (Minute Entry), Judge Ingram recommended that the undersigned accept Defendant Timothy M. Kelley's guilty plea and adjudge him guilty of Count Seven of the Indictment (DE 1). *See* DE 43 (Recommendation). Judge Ingram expressly informed Kelley of the right to object to the recommendation and to secure de novo review from the undersigned. *See id.* at 2–3. The established, 3-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 66, 472 (1985); *see also United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981) (holding that a failure to file objections to a magistrate's judge's recommendation waives the right to appellate review); Fed. R. Crim. P. 59(b)(2)–(3) (limiting *de novo* review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting *de novo* review duty to "those portions" of the recommendation "to which objection is made").

The Court thus, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 43, **ACCEPTS** Defendant's guilty plea, and **ADJUDGES** Defendant guilty of Count Seven of the Indictment;

2. The Court **CANCELS** the trial as to this Defendant; and

3. The Court will issue a separate sentencing order.[1]

This the 21st day of December, 2021.

Signed By:
*Robert E. Wier* /REW/
United States District Judge

---

[1] At the hearing, Judge Ingram remanded Defendant to custody. *See* DE 40. This was Defendant's status pre-hearing. *See* DE 36 (joint status report noting Defendant's status). The Court, thus, sees no need to further address detention, at this time. His detained status will persist pending the scheduled bond revocation proceedings. *See* DE 27 (Motion to Revoke Bond); DE 40. Judge Ingram may resolve that motion as he sees fit and further may recommend the proper result, based on the record and outcome of those proceedings, as to the Section 3143(a) analysis and Kelley's status pending sentencing.